STATE OF NORTH CAROLINA
COUNTY OF BUNCOMBE

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
21-CVS 21CV 00643

NHM CONSTRUCTORS, LLC

2021 FEB 15 P 3:22

Plaintiff,

vs.

HEARTLAND CONCRETE, LLC

Defendant.

**COMPLAINT**

Now comes Plaintiff NHM Constructors, LLC complaining of the Defendant and alleges and says:

1. Plaintiff NHM Constructors, LLC ("Plaintiff") is a corporation organized to do business in the state of North Carolina, and which has a principal place of business in Buncombe County, North Carolina. Plaintiff is a North Carolina licensed general contractor and performs site work services.

2. Defendant Heartland Concrete, LLC ("Defendant") is a corporation organized and existing under Virginia law, which is not registered to do business in North Carolina, but which does in fact do business in North Carolina.

3. Plaintiff bid and was awarded a project with the North Carolina Department of Transportation ("NCDOT") Contract Id DN00619, consisting of bridge deck concrete overlay repairs and related work (the "Project"). The Project as bid included 8 bridges, which was later reduced to 7 bridges due to the NCDOT's available budget.

4. Plaintiff contracted with the Defendant to prepare and supply Latex Modified Concrete Type III (the "Materials") for use in the overlay of 7 bridges associated with the Project, per the proposal attached hereto as **Exhibit A**. All material provided by Defendant was to conform

EXHIBIT
1

to applicable NCDOT standards and be of good quality, free of defects, and suitable for the purposes intended.

5. According to the NCDOT, the Material provided by the Defendant was defective, and was non-conforming and shows unacceptable distress including pitting and decomposition. NCDOT has therefore requested remediation of all 7 bridges.

5. Defendant has admitted that its Material was defective, due to screening material it incorporated into its mix, although the extent of the necessary remediation has not been determined.

6. Once Plaintiff was put on notice of NCDOT's concerns as to the quality of the work, it promptly notified the Defendant of these issues, and Defendant assured Plaintiff it would resolve same. However, to date, Defendant has failed to properly investigate or address the concerns raised by the NCDOT.

7. Jurisdiction and venue are proper before this Court.

8. Any conditions precedent to suit have been met, or else same have been waived or excused.

**FIRST CLAIM FOR RELIEF**
(BREACH OF CONTRACT)

9. Paragraphs 1 through 8 are re-alleged and incorporated herein by reference.

10. Plaintiff entered into a valid Contract with Defendant for Defendant to provide materials for the Project.

11. Plaintiff has met all obligations required under the Contract.

12. Defendant breached the Contract by admittedly supplying non-conforming Materials.

13. Plaintiff has made demand upon Defendant to address the issues with its Materials and it has refused and failed to investigate and address the same.

14. Defendant has materially breached the Contract by its failure to address the Materials, and is liable to Plaintiff for the costs of investigation and remediation of the issues caused by this breach, in an amount in excess of $25,000 as determined by the trier of fact in this matter.

## SECOND CLAIM FOR RELIEF
(FRAUD)

17. Paragraphs 1 through 16 are re-alleged and incorporated herein by reference.

18. After the NCDOT declared the bridge overlay work to be defective, requiring remediation, the Plaintiff temporarily held back funds from the Defendant to apply against damages which Plaintiff was then likely to incur in addressing the NCDOT claims. Plaintiff communicated via email to Defendant on August 23, 2019 to Tom Buono, a representative of the Defendant that $77,341.00 was being hold until the issue was worked out with the NCDOT. See **Exhibit B**.

19. In order to induce the Plaintiff to release one half of the $77,341.00, the Defendant made written representations to the Plaintiff via attached hereto as **Exhibit C** that Defendant confirmed its willingness to address the defects raised by NCDOT, in exchange for release of funds.

19. Plaintiff relied on Heartland's representation, and actually released the entire holdback of $77,341.00.

20. In fact, Heartland has now refused to accept any responsibility for the issues raised by NCDOT.

21. Heartland made a promise to NHM which it had no intention of performing, in order to induce NHM to release funds.

22. This promise made without intent to perform constitutes fraud under North Carolina law.

23. The false promise was false, was known by Heartland to be false, and was reasonably calculated to deceive, made with intent to deceive, made to induce NHM, and NHM reasonably relied on such promise and suffered damages thereby in excess of $25,000, which damages were proximately caused by Defendant.

24. Plaintiff is entitled to recover its actual damages and punitive damages, to the fullest extent permitted at law.

**THIRD CLAIM FOR RELIEF**
(Unfair and Deceptive Trade Practices)

26. The allegations of Paragraphs 1 through 25 are re-alleged and incorporated herein by reference.

27. The acts of the Defendant were in and effecting commerce.

28. The acts of the Defendant herein claimed of were unfair and deceptive within the meaning of North Carolina Gen. Stat. Chapter 75 *et. seq.*

29. The acts of the Defendant proximately caused damages to the Plaintiff in excess of $25,000, which damages should trebled.

30. Plaintiff is also entitled to recover its reasonably attorneys under Chapter 75, and interest and costs to the fullest extent permitted at law.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays the Court for the following relief:

1. That the Court enter Judgment in favor of Plaintiff and against Defendant for breach of contract in an amount determined by the trier of fact, in excess of $25,000 dollars; and

2. That the Court enter judgment in favor of Plaintiff and against Defendant for fraud, together with its actual damages and punitive damages; and

3. That the Court enter judgment in favor of Plaintiff and against Defendant for Unfair and Deceptive Trade Practices, and that Plaintiff recover treble damages; and

4. That Plaintiff recover the costs of this action, including Plaintiff's reasonable attorney fees per N.C.G.S. § 75-16.1, or other law, to the maximum extent allowed; and

5. That the Court tax the costs of this action against Defendant;

6. For a jury trial; and

7. That Plaintiff have and recover such other and further relief as the Court may deem just and proper.

**THIS** the 15th day of February, 2021.

W. James Johnson, NC BAR #28291
SMITH TERRY JOHNSON & WINDLE
21 Battery Park Ave., Suite 201
Asheville, NC 28801
Telephone: (828) 552-4080
WJJohnson@SmithTerryLaw.com

EXHIBIT A



NHM Constructors, LLC
1121 Brevard Road
Asheville, NC 28816

9/21/2018

**NCDOT DN00619 Seven Bridges LMC Type III Overlay**

Mark:

Heartland Concrete LLC's ("Heartland") is pleased to present this proposal for delivery of the product specified below as per the specifications you have provided for the project.

Heartland will mobilize High Performance Volumetric Mixers with Certified Driver-Operator to deliver Product as specified in a timely, professional and safe manner as outlined below:

***Project Pour Plan:***
Heartland will deliver approx. 331 CY of Latex Modidifed Concrete Type III in eight (8) mobilizations consisting of thirteen (13) pours. Six of the mobes will consist of two pours over a three day period and 2 mobes will involve one pour to overlay the decks on seven various bridges in Haywood and Jackson Counties.

***Product Delivery Plan:***

Project Mobilization for up to 3 Volumetric Mixers

Project to begin September 2018 Project Completion October 2019

***Financial Proposal: (a)***

| | Unit Price | Qty | Total Price |
|---|---|---|---|
| Project Mobilization | $ 15,329.00 | 1 | $ 15,329.00 |
| Crew Only Mobilization | $ 4,059.00 | 1 | $ 4,059.00 |
| Latex Modified Concrete Type III | $ 633.00 | 331 | $ 209,523.00 |

(a) Prices quoted are based on the pour plan above. Heartland reserves the right to require a Change Order if the customer deviates from this pour plan as provided .

***Terms and Conditions:*** This proposal is subject to the following terms and conditions –

Customer will provide full access to pour sites for full production, including a wash-out pit.
Customer will provide lay-down yard within 5 miles of project site for storage of sand and stone and parking for mobile mixers and dry bulk tankers as required for project.
Customer will provide water for our mix and wash-out.
Customer will provide loader capable of dumping over the 11' high sideboards on our trucks.
Heartland will arrive at the customer provided lay-down yard prior to the first pour date of the project for DOT supervised calibrations.
This proposal is subject to the availability of necessary labor, materials and supplies to produce the items quoted herein. Commitments to customer is based on first come first serve basis.
Customer will provide minimum 30 days notice for project mobilization. Projects are not scheduled without written, signed commitment executed and received by Heartland.
Customer will provide Heartland sufficient advance notice of schedule changes. FMCSA HOS regulations may
Customer will pay a fee of $ 2,875.00 for any pour cancelled by customer while Heartland is mobilized.



*Payment:*

All invoices are due and payable within ~~30~~ 45 days of invoice date. Customer agrees to pay interest at the rate of 18% per annum on all past due invoices and attorney's fees of 25% of the balance due in the event of collection. Customer's obligation to pay Heartland's invoices is not contingent upon Customer's receipt of payment from any third party.

*Indemnity:*

Customer agrees to indemnify Heartland and hold it harmless from any and all claims, damages, expenses, or losses, including attorney's fees, arising out of or resulting from the execution of the work specified herein and which are caused, in whole or part, by the negligent act or omission of the Customer, its employees, agents, and anyone for whose acts the Customer may be liable.

*Liability:*

Heartland shall not be liable for any damages for delays caused by events beyond its control, nor shall be liable for any special, indirect, liquidated, or consequential damages, however caused.

*Limited Warranty:*

Heartland warrants its product to meet or exceed applicable American Society for Testing Materials ("ASTM") and ACI standards when tested and evaluated in accordance with such. Seller will repair or replace goods supplied that fail to meet this Limited Warranty within one year after delivery. Heartland is not responsible for defects in product finish due to placement techniques, equipment or methods.

Buyer must give Seller written notice within 48 hours after delivery of any claim against seller as a result of any alleged nonconforming materials or any other cause whatsoever (other than failure to meet compressive strength in which event the time for the notice will be within 48 hours after the specified test age of the cylinder in accordance with ASTM standards), time being of the essence. Seller will be given reasonable opportunity to investigate all claims. Any failure by Buyer to give written notice within 48 hour period will be deemed a conclusive waiver by the buyer of all such claims against seller.

Sellers Liability for all claims will be limited to the purchase price of the goods sold under this contract.

This proposal is subject to the terms, conditions and limitations set forth herein and may only be modified by a writing signed by both parties.

Customer's failure to comply with any of the terms and conditions set forth herein may cause Heartland, in its sole discretion, to stop shipment on this project, without penalty.

Time is of the Essence – This proposal is valid for 30 days. Heartland's confirmation required thereafter.

Regards –

Tom Buono
General Manager

ACCEPTED:

NHM Constructors, LLC

By [signature] 9/22/18
Signature Date

MARK W. NEWMAN PROJECT MANAGER
Printed Name Title

Purchase Order # ____________

 PO Box 6385 – Asheville, NC 28816
1121 Brevard Road – Asheville, NC 28806
Telephone (828) 670-6652 – Fax (828) 670-6636

December 6, 2019

Tom Buono
General Manager
Heartland Concrete, LLC
23220 Airpark Drive
Petersburg CA, 23803

Dear Tom,

The purpose of this letter is to provide an estimate of the costs that will likely be incurred to remove 1" of the latex overlay on the 7 bridges as part of the contract with NCDOT (DN00619). The items below are based on the existing contract line items and the quantities that DOT paid to date/anticipated plan quantities.

| Line Item # | Description | Unit | Quantity | Unit Price | Total Price |
|---|---|---|---|---|---|
| 1 | Mobilization | LS | 1 | $244,900.00 | $244,900.00 |
| 2 | Incidental Milling | SY | 3,043 | $20.00 | $3,063.00 |
| 4 | ASP S9.5C | TN | 258 | $253.00 | $65,274.00 |
| 5 | ASP Plant Mix | TN | 16.5 | $600.00 | $9,900.00 |
| 6 | Milled Rumble Strips | LF | 2,875 | $7.25 | $20,843.75 |
| 8 | Work Zone Signs (Stat) | SF | 347.66 | $13.75 | $4,780.33 |
| 10 | Work Zone Signs (Barr) | SF | 62.5 | $15.00 | $937.50 |
| 11 | Flashing Arrow Board | EA | 3 | $1,925.00 | $5,775.00 |
| 12 | Portable Change MSG Sign | EA | 6 | $9,450.00 | $56,700.00 |
| 14 | Drums | EA | 232 | $100.00 | $23,200.00 |
| 16 | Barricade (Type III) | LF | 128 | $26.95 | $3,449.60 |
| 18 | Temp Crash Cushion | EA | 7 | $8,950.00 | $62,650.00 |
| 19 | Rem & Res Crash Cushion | EA | 7 | $3,550.00 | $24,850.00 |
| 20 | TMA | EA | 6 | $40,050.00 | $240,300.00 |
| 21 | Port Conc Barrier | LF | 2,994 | $45.00 | $134,730.00 |

| 22 | Rem & Res Port Conc Barrier | LF | 2,994 | $25.00 | $74,850.00 |
|---|---|---|---|---|---|
| 23 | Law Enforcement | HR | 50 | $35.00 | $1,750.00 |
| 24 | Paint Pvmt Markings 4" | LF | 3,440 | $1.00 | $3,440.00 |
| 30 | Snowplb Pvmt Marker | EA | 10 | $200.00 | $2,000.00 |
| 31 | Portable Lighting | LS | 1 | $225,000.00 | $225,000.00 |
| 32 | Grooving Bridge Floors | SF | 44,034 | $1.65 | $72,656.10 |
| 38 | Latex Mod Conc Overlay | CY | 145.82 | $925.00 | $134,883.50 |
| 39 | Placing Latex Mod Conc | SY | 5,270.462 | $55.00 | $289,875.41 |
| 40 | Volumetric Mixer | LS | 1 | $1.00 | $1.00 |
| 43 | Silicone Joint Sealant | LF | 1,414.1 | $35.00 | $49,493.50 |
| 47 | Elastomeric Concrete | CF | 281.2 | $245.00 | $68,894.00 |
| 48 | Bridge Joint Demo | SF | 892.7 | $30.00 | $26,781.00 |
| 53 | Scarifying Bridge Deck | SY | 6,596.3 | $75.00 | $494,722.50 |
| | | | | Total: | $2,345,700.19 |

We will most likely be able to eliminate some of the price/quantity but at this point I am not sure how DOT plans for the work to proceed. I based the quantities on having access to the bridges during the day and working on all 6 hwy 74 bridges simultaneously and then working on the Jackson 5 bridge last. Very similar to how we completed the project originally. However, if DOT choses to require only nightly closures our labor costs would be significantly higher but the costs for the traffic control would substantially decrease. Basically, all I am trying to say is that, at this time, it is difficult to predict costs when we don't have a scope in which to base the costs.

If you have any questions or concerns about the figures above please let me know.

Sincerely,

Mark Newman
Project Manager



RECEIVED OCT 16 2020

**Asheville Claims Branch**
PO Box 669 Enka, NC 28728-0669
p. 828-665-9633 | f. 517-327-2354
auto-owners.com | asheville.clm@aoins.com

October 12, 2020

NHM Constructors, LLC
P.O. Box 6385
Asheville, NC 28816

Re: Claim Number: 300-136810-2020
Date of Loss: 10-17-2019
Our Insured: Heartland Concrete, LLC
Claimant: NHM Constructors, LLC

Dear NHM Constructors, LLC:

As an insurance carrier, we are not obligated to pay all claims as presented and we do so only if our insured is legally liable.

We have carefully considered this incident. Based upon this information we believe that our insured is not legally liable for the damages sustained to your highway bridges in Jackson Co. and Haywood Co., NC. Due to our findings, we are unable to pay for your damages.

Should you have any additional information pertaining to the above stated loss that may change this decision, please do not hesitate to contact me.

Sincerely,

Charlie Cranford
Field Claim Representative
Auto-Owners Insurance
Phone: 855-376-5171 ext 56629
Fax: 517-327-2354
Email: Asheville.CLM@aoins.com

 

RECEIVED MAY 18 2020

4480 COX ROAD, SUITE 300
GLEN ALLEN, VIRGINIA 23060-6718
(800)394-8642 FAX (866) 249-5169
DIRECT DIAL (804) 217-7339
EMAIL: kgee@alfaaic.com

May 15, 2020

NHM Constructors, LLC
PO Box 6385
Asheville, NC 28816

Claim: 416387
Insured: Heartland Concrete, LLC
Dates of Loss: On or Before 10/11/2018 through October 2019

Dear Sir/Madam:

This letter confirms that Alfa Alliance Insurance Corporation reserves all rights and defenses which it has in conjunction with policy BPV-0070919, issued to Heartland Concrete LLC. Any activity on our part by way of investigation or settlement which we may undertake, or any defense which we may assume on our insured's behalf arising out of actions instituted against the insured does not constitute a waiver of our rights.

In accordance with Virginia statute 38.2-2226, it is Alfa Alliance's intention to rely upon any defenses to coverage under the policy and/or applicable law, in defense of any claim for liability coverage under the policy. Our current findings indicate a failure to timely report an incident as soon as practicable. The incident arises out of the concrete used to overlay seven bridges in North Carolina from approximately October 2018 until October 2019. The Alfa Alliance policy cancelled effective December 1, 2018, and we understand another insurance carrier wrote a subsequent policy on Heartland Concrete.

This letter is in no way intended to limit or restrict Alfa Alliance from relying upon or asserting other facts, grounds and/or policy provisions that are or may be applicable and available to it in support of a denial of coverage. The failure of this letter to reference other provisions of the Alfa Alliance policy and principles of law is not intended to waive any such rights and defenses Alfa Alliance may have under the policy and applicable law. Alfa Alliance specifically reserves all rights and defenses that are now available as well as those that may become available in the future. Alfa Alliance also reserves the right to petition a court of competent jurisdiction for a determination that there is no insurance coverage or other obligation owed to the insured under the policy.

Sincerely,

*Kenneth T. Gee*

Kenneth T. Gee
Alfa Alliance Insurance Corp

EXHIBIT B

# Exhibit B

**From:** Mark Newman
**To:** Tom Buono
**Cc:** Jeff Metcalf
**Subject:** DN00619 - Bridge 109

---

Tom,

I wanted to make you aware that I have placed a hold on your two invoices for the latex on Jackson 5 totaling $77,341.00 as a result of the inspection of Bridge 109. I would prefer to keep it on hold until our meeting with DOT to determine what needs to be done there. I know we have a long history with Heartland so if you have a different proposal that still protects our interest in this project we would be open to discussing the hold further.

Thanks,

**Mark Newman**
Project Manager
NHM Constructors, LLC
PO Box 6385
Asheville, NC 28816
(828) 778-4595 – Cell
(828) 670-6652 ext. 3331 - Office
(828) 670-6636 – Fax
NC GC License #: 72707

EXHIBIT C

# Exhibit C

**From:** W. James Johnson
**To:** W. James Johnson
**Subject:** FW: DN00619 Division 14 Seven Bridges
**Date:** Friday, February 12, 2021 2:25:13 PM
**Attachments:** image001.png
SKM_C65819100303590.pdf

---

**From:** Tom Buono <Tom.Buono@heartlandconcrete.us>
**Sent:** Wednesday, October 2, 2019 5:17 PM
**To:** Bill Newman <bnewman@nhmconstructors.com>
**Subject:** DN00619 Division 14 Seven Bridges

Good Afternoon Bill:

Hope you are well. Long time no talk to.

I know you are aware that Heartland has agreed to pay to repair the pot marks that occurred in the surface of the 7 bridges on the DN00619 7 Bridges project. We are ready and willing, but it appears no one in the DOT is anxious to get started. In the meantime we are out $77K.

For your information we will no longer be using 2MS Sand on any overlay in NC. Instead we will use C-33 Natural Sand to eliminate clumps of rock dust that we found in the quarry's 2MS stockpile.

Knowing what Heartland's plans are for resolving this issue I would like to ask if you would consider releasing at least 50% of the funds being withheld?

Thank you.

Tom Buono
General Manager
Heartland Concrete, LLC
23220 Airpark Dr.
Petersburg, VA 23803
Cell: 804-641-0910
www.heartlandconcrete.us

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that

any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by **Mimecast Ltd**, an innovator in Software as a Service (SaaS) for business. Providing a **safer** and **more useful** place for your human generated data. Specializing in; Security, archiving and compliance. To find out more Click Here.

---

This email has been scanned for spam and viruses. Click here to report this email as spam.